UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 1, 2018

LETTER TO COUNSEL:

    RE:    *Duane Lawson v. Nancy A. Berryhill, Acting Commissioner of Social Security*
              Civil No. TJS-17-0486

Dear Counsel:

    On February 17, 2017, the Plaintiff, Duane Lawson ("Mr. Lawson"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    In his applications for DIB and SSI, Mr. Lawson alleged a disability onset date of December 15, 2009. (Tr. 198-207, 271.) His applications were denied initially and on reconsideration. (Tr. 129-33, 136-39.) A hearing was held before an Administrative Law Judge ("ALJ") on April 26, 2013, and that ALJ found that Mr. Lawson was not disabled under the Social Security Act. (Tr. 15-29.) The Appeals Council denied Mr. Lawson's request for review (Tr. 1-4), and Mr. Lawson appealed the ALJ's decision to this Court. On February 12, 2015, this Court remanded the case for further proceedings. (Tr. 651-53.) On February 5, 2016, a different ALJ held a second hearing. (Tr. 605-50.) That ALJ issued a decision on June 27, 2016, finding that Mr. Lawson was not disabled under the Social Security Act. (Tr. 552-72.) The Appeals Council denied Mr. Lawson's request for review (Tr. 543-46), making the ALJ's June 27, 2016 decision the final, reviewable decision of the agency.

    The ALJ evaluated Mr. Lawson's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Mr. Lawson was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since December 15, 2009. (Tr. 557.) At step two, the ALJ found that

---

[1] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On November 27, 2017, the case was re-assigned to me.

Mr. Lawson suffered from the following severe impairments: carpal tunnel syndrome of the right hand, peripheral neuropathy of the upper extremities, and depression. (*Id.*) At step three, the ALJ found that Mr. Lawson's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 559.) The ALJ determined that Mr. Lawson retained the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8 hour day; sit for 6 hours in an 8 hour day; never climb ladders, ropes, or scaffolds; frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; occasionally feel, handle and finger with the right dominant hand; has no limitation in the use of the left hand; is limited to the performance of routine, repetitive, simple tasks on a consistent basis, with only occasional interaction with the public, and in positions with little to no changes in the work setting day to day.

(Tr. 561.)

At step four, relying on the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Lawson was able to perform past relevant work as a housekeeper/cleaner. (Tr. 570.) At step five, the ALJ made an alternative finding that there are other jobs that exist in significant numbers in the national economy that Mr. Lawson can perform, including packer/sealer and marker. (Tr. 571-72.) Therefore, the ALJ found that Mr. Lawson was not disabled under the Social Security Act. (Tr. 572.)

Mr. Lawson raises six issues in this appeal: (1) the ALJ erred in determining that Mr. Lawson was capable of past relevant work; (2) the ALJ failed to elicit a reasonable explanation for an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles[2]; (3) the ALJ did not properly account for Mr. Lawson's moderate difficulties in maintaining concentration, persistence, and pace as required by *Mascio*, 780 F.3d 632; (4) the ALJ did not give the proper weight to Mr. Lawson's treating physician's opinions; (5) the ALJ did not adequately explain his finding that Mr. Lawson has no limitation in the use of his left hand; and (6) the transcript of the April 26, 2013 administrative hearing was materially altered. (ECF No. 15-1.)

After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ erred in relying on the VE's testimony to conclude that Mr. Lawson was capable of

---

[2] "The *Dictionary of Occupational Titles* [("DOT")]*,* and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are Social Security Administration resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations." *Pearson v. Colvin*, 810 F.3d 204, 205 (4th Cir. 2015) (citing U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)).

performing past relevant work as a housekeeper/cleaner or other work as a packer/sealer or marker. Because of this, the ALJ's findings at step four and five are not based on substantial evidence. I also find that the ALJ did not adequately account for Mr. Lawson's limitations in concentration, persistence, and pace in his RFC determination. Because the ALJ did not properly assess Mr. Lawson's RFC, the findings made in reliance on that RFC cannot be said to be based on substantial evidence. In light of these findings, I decline to address Mr. Lawson's other arguments.

Mr. Lawson argues that the ALJ failed to elicit a reasonable explanation for the apparent conflict between the VE's testimony and the DOT. (ECF No. 15-1 at 15-16.) During the February 5, 2016 hearing, the ALJ presented the VE with a series of hypothetical questions that were consistent with the RFC assessment. (Tr. 641-42.) In response to the questions, the VE testified that a hypothetical individual with limitations mirroring those of Mr. Lawson could perform a job as a housekeeper/cleaner (DOT 323.687-014). The VE noted that he was varying from the DOT "because the DOT mentions reaching and handling but doesn't specifically mention whether it's bimanual or unilaterally that the person needs to do that." (*Id.*) The VE noted that "there are one-armed individuals who do housekeeping cleaning work." (Tr. 642.) The VE further testified that a hypothetical individual could also perform jobs as a packer/sealer (DOT 920.685-026) or as a marker (DOT 209.587-034), referring back to his explanation for varying from the DOT. (*Id.*) The VE testified that the packer/sealer job had more than 1,000 positions available locally and more than 300,000 available nationally. (*Id.*) The marker job had more than 1,000 positions available locally and more than 100,000 available nationally. (*Id.*)

The Commissioner assumes, for the sake of argument, that "the ALJ did not perform a proper analysis regarding [Mr. Lawson's] ability to return to his past relevant work." (ECF No. 18-1 at 4.) This Court will do likewise and assume that Mr. Lawson's argument that his past work as a housekeeper qualifies as an unsuccessful work attempt, and not substantial gainful activity. (*See* ECF No. 15-1 at 15.) Because the ALJ made findings at step five, the ALJ's step four error is not in itself a basis for remand.

At step five, the Commissioner bears the burden to prove that the claimant is able to perform work that exists in the national economy. *See, e.g. Pearson*, 810 F.3d at 207. To determine whether the Commissioner meets it burden, the ALJ "relies primarily" on the DOT, and "may also use a vocational expert to address complex aspects of employment determination, including the expert's observations of what a particular job requires in practice or the availability of given positions in the national economy." *Id.* (internal citations and quotation marks omitted). If a vocational expert's testimony conflicts with the DOT, the ALJ must "elicit a reasonable explanation for [the conflict] and resolve conflicts between the expert's testimony and the DOT." *Id.* at 208 (internal quotation marks omitted). If the ALJ does not elicit a reasonable explanation for the conflict, the ALJ may not rely on the vocational expert's testimony to support a determination about whether the claimant is disabled. *Id.*

In *Pearson*, a vocational expert testified that a claimant was capable of performing three occupations available in sufficient numbers in the national economy. *Id.* at 210. For each of the three occupations, the DOT listed frequent reaching as a requirement. The ALJ found that the claimant's nondominant arm could only occasionally reach upward. Based on the DOT's broad

definition of reaching, the Fourth Circuit held that the occupations identified by the expert may require frequent bilateral overhead reaching. Because of the apparent conflict between the vocational expert's testimony and the DOT, the ALJ was required to elicit a reasonable "explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching," before relying on the expert's testimony. *Id.* at 211. In addition, the Fourth Circuit noted that "it is not enough that some positions [may] exist in which the worker need not frequently reach overhead with both arms." *Id.* The ALJ must elicit evidence regarding "how many of these positions do not require frequent bilateral overhead reaching" before concluding that such work exists in significant numbers in the national economy. *Id.* ("If there are a sufficient number of these positions that do not require frequent bilateral overhead reaching, the ALJ can properly find Pearson not disabled.")

Here, the VE identified an apparent conflict between his testimony and the DOT, but his explanation was not a reasonable one for two reasons. First, although the VE testified that "there are one-armed individuals who do housekeeping [and] cleaning work," this is not sufficient information for the ALJ to conclude that there is a "reasonable explanation" for the conflict between the VE's testimony and the DOT. This is most plainly evident with respect to the occupation of housekeeper/cleaner, which includes duties such as making beds, moving furniture, hanging drapes, and rolling carpets. It is difficult to imagine how a person with limitations identical to Mr. Lawson (who cannot tie his shoes, *see* Tr. 630, 636) could hang drapes or move furniture on a full-time basis relying almost solely on the use of his non-dominant arm and hand. It may be that the housekeeper occupation does not usually require persons to complete these tasks, and the VE could have explained this to the ALJ. But the ALJ made no such inquiry and the VE gave no such explanation. The same goes for the occupations of packer and marker, both of which require at least frequent reaching and handling. Mr. Lawson suggests that if a person is only capable of reaching or handling with their non-dominant arm, he "is not going to be able to keep up. . . . He is at best only doing half the manual functions that everyone else is doing." (Tr. 718.) It may be that Mr. Lawson is mistaken and that an individual could perform such jobs adequately, but the VE did not offer any explanation as to why this might be the case.

Even assuming that the VE's explanation for the apparent conflict between his testimony and the DOT was reasonable, he failed to specify how many positions exist in the local and national economy that could accommodate individuals such as Mr. Lawson. For example, the VE testified that there are "over 1,000 positions locally [and] over 300,000 nationally" for the occupation of packer/sealer. (Tr. 642.) But he did not explain how many of these positions do not require constant bilateral reaching or handling. It is likely that at least some of the positions that the VE included in his testimony do have this requirement. "If too many have this requirement," the ALJ would have concluded that the work does not exist in significant numbers in the national economy. *See Pearson*, 810 F.3d at 211. The same analysis applies to the other occupations listed by the VE.

The ALJ relied on the VE's testimony at step five, finding that Mr. Lawson is able to perform the work required by the occupations identified by the VE as the work is "actually and generally performed." (Tr. 571.) Because the VE did not offer a reasonable explanation for the apparent conflict between his testimony and the DOT, the ALJ erred in relying on the testimony.

4

For this reason, the ALJ's finding at step five is not supported by substantial evidence.[3]

Mr. Lawson argues that the ALJ's RFC assessment fails to take into account his limitations in maintaining concentration, persistence, and pace. (ECF No. 15-1 at 16-17.) In support of this argument, Mr. Lawson relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, the ALJ discussed Mr. Lawson's limitations with regard to concentration, persistence, and pace in his step two analysis. (Tr. 560.) The ALJ stated that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (*Id.*) Although the ALJ did not explain why he made this finding (and actually cited evidence that would undermine it), the finding that Mr. Lawson has moderate difficulties with regard to concentration, persistence, and pace is supported by substantial evidence. (*See* Tr. 83, 86-87, 239, 294, 317, 322-23, 358, 380, 427, 433, 569, 738-40.)

The ALJ's RFC assessment does not account for Mr. Lawson's moderate difficulties with regard to concentration, persistence, and pace. Although it limits Mr. Lawson to performing "routine, repetitive, simple tasks on a consistent basis . . . in positions with little to no changes in the work setting day to day" (Tr. 566), this limitation does not account for his moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Mr. Lawson might be able to perform tasks for a short period of time, but he might be unable to sustain his performance for a full workday and workweek. In addition, the ALJ's citation to the opinion of state agency psychological consultants does not account for Mr. Lawson's moderate difficulties in concentration, persistence, and pace, or explain why no limitation in the RFC is necessary. (Tr. 570.) The state agency psychological consultants concluded that Mr. Lawson could maintain concentration, persistence, and pace "at the moderate limitation level in terms of simple tasking and the following of simple instructions." (Tr. 110.) Mr. Lawson's ability to perform simple tasks and to follow simple instructions is not the same as his ability to stay on task. *See Mascio*, 780 F.3d at 638. Based on the record, the Court is unable to find that the ALJ's RFC assessment is an accurate characterization of Mr. Lawson's ability to do sustained work-related physical and mental activities in a work setting on a *regular and continuing basis*. SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996).

The Commissioner implicitly concedes that the ALJ erred in his evaluation of Mr. Lawson's ability to maintain concentration, persistence, or pace, but suggests that any such error is harmless. (ECF No. 18-1 at 6-8.) The Court cannot classify the error as harmless because the

---

[3] To the extent that Mr. Lawson's past work as a housekeeper/cleaner qualifies as substantial gainful activity, the same analysis applies to the ALJ's step four finding, which was also based on the VE's testimony.

ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of Mr. Lawson's limitations, the Court cannot find that the RFC provides an accurate description of the work that he is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Mr. Lawson's limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Mr. Lawson is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge